## WARREN MASON *vs.* JONAS HOLT.

One who has placed a house upon a highway, under a parol license from the owner of the adjoining land, which limited his right to remain there to a specified time, has, after the expiration of such time, no title upon which he can maintain an action against the owner of the land for excavating the soil around the house, and thereby endangering its safety

TORT for breaking and entering the plaintiff's close, and excavating the soil so as to endanger the safety of the plaintiff's house. The close described was a small parcel of land, with a house upon it, situated within the limits of a highway, and adjoining land of the defendant. At the trial in the superior court the plaintiff testified that he had no title to the premises except mere possession ; that he applied for leave to put his house within the limits of the highway to the chairman of the selectmen, who replied that he should not object if no one else did ; that he then applied to the defendant, who granted him leave to put it upon the *locus*, and, some time afterwards, ordered him to remove it. The defendant testified that he gave leave to the plaintiff to occupy the place in question for six months, and no longer ; and that, after the expiration of the six months, he gave the plaintiff repeated notices to remove, which the plaintiff promised to do as soon as he could procure another place. It appeared by all the testimony that after the notices to remove and after the expiration of the six months, the defendant entered upon the premises and dug away the soil around and close up to the house ; and *Wilkinson,* J., ruled that the plaintiff was entitled to recover. The defendant alleged exceptions.

*D. Saunders, Jr. & E. J. Sherman,* for the defendant.

*B. F. Watson,* for the plaintiff, cited *Dickinson* v. *Goodspeed,* 8 Cush. 119; *Willard* v. *Warner,* 17 Wend. 257 ; *Meader* v. *Stone,* 7 Met. 147 ; *Green* v. *Tourtellot,* 11 Cush. 227; *Furlong* v. *Leary,* 8 Cush. 409 ; *Howard* v. *Merriam,* 5 Cush. 563 , *Beardsley* v. *French,* 7 Conn. 125 ; *Jackson* v. *Hathaway,* 15 Johns. 447.

HOAR, J. The plaintiff had no title to the close, except his possession under the agreement with the defendant. The de-

fendant was admitted to be the owner of the close adjoining the highway, under a deed " bounding him upon the highway "; and thereupon claimed, that, having the legal title to the *locus*, he had shown a better title than the plaintiff. But the court ruled that this would not constitute a defence to the action. We must assume therefore — as the deed on which the defendant relied might certainly, and ordinarily would, include the close in controversy; and as the court did not pass upon the sufficiency of the deed, and it is not before us for construction — that the defendant had the better title. *Newhall* v. *Ireson*, 8 Cush. 595.

We are then to see upon what right the plaintiff's action, which is tort for breaking and entering the close, can be supported. That the chairman of the selectmen of the town could give him no authority to occupy a part of a public highway is too plain to need any discussion. His only right was obviously that which he acquired from the defendant. In regard to this, there was a difference in the evidence. If that offered by the plaintiff were true, we should incline to think that the permission to place the building on the defendant's land, without any time limited, and without any payment of rent or other valuable consideration, would amount to no more than a mere license, revocable at the defendant's pleasure, and actually revoked by him. But if the defendant's evidence were correct, and the agreement by parol that the plaintiff might occupy the land for six months made him a tenant at will, then the tenancy at will had expired by its own limitation ; the plaintiff had no right to hold possession after that time; and the only other facts proved were repeated notices from the defendant to remove, and a promise by the plaintiff to do so as soon as he could get another location. There was no evidence that we can perceive of any agreement or permission from the defendant that he should remain after the six months. If there were any, it would be for the jury, and they have not passed upon it.

The plaintiff, then, at the expiration of the six months, became a tenant at sufferance, and had no title upon which he could maintain this action. *Hollis* v. *Pool*, 3 Met. 350. *Creech*

**v.** *Crockett,* 5 Cush. 133. *Howard* v. *Merriam,* 5 Cush. 583. *Hatstat* v. *Packard,* 7 Cush. 246. *Meader* v. *Stone,* 7 Met. 151.

It follows that the verdict for the plaintiff must be set aside, and a new trial granted.                    *Exceptions sustained.*